IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMIE REBECCA DENTON                                                             PLAINTIFF

vs.                                     Civil No. 1:12-cv-01068

CAROLYN W. COLVIN                                                               DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jamie Rebecca Denton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her SSI application on August 11, 2009.  (Tr. 21, 139-141). Plaintiff alleges being disabled due to scoliosis which impacts her neck, back, and hips; and she also alleges being disabled due to asthma.  (Tr. 146).  Plaintiff originally alleged an onset date of March 1, 1992, but she later amended that onset date to August 11, 2009.  (Tr. 21, 75, 139).  This application was denied initially and again upon reconsideration.  (Tr. 94-95).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 104-105, 115-119). Plaintiff's administrative hearing was held on June 25, 2010 in El Dorado, Arkansas. (Tr. 69-93). Plaintiff was present at this hearing but was not represented by counsel. *Id.* Plaintiff, Plaintiff's mother, and Vocational Expert ("VE") Tyra Watts testified at the hearing in this matter. *Id.*

On December 21, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 18-29). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 11, 2009, her application date. (Tr. 23, Finding 1). The ALJ determined Plaintiff had the following severe impairments: asthma and scoliosis. (Tr. 23, Finding 2). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 23, Finding 3).

The ALJ determined Plaintiff was twenty-seven (27) years old on her application date. (Tr. 27, Finding 6). Such an individual is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 27, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 23-27, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform simple, unskilled or low/semi-skilled light work as defined in 20 CFR 416.967(b) except she is limited to lifting twenty (20) pounds occasionally and ten (10) pounds frequently, standing/walking up to six

>  (6) hours in an eight (8) hour workday, one to two (1-2) hours uninterrupted, sitting six to eight (6-8) hours in an eight (8) hour workday, one to two (1-2) hours uninterrupted, and occasionally climbing/crawling/stooping and crouching. Non-exertionally she maintains the ability to understand, follow, and remember concrete instructions, and sustain superficial contact with supervisors, coworkers and the general public, including meeting, greeting, making change, and giving simple instructions and directions.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 27, Finding 5). The VE testified at the administrative hearing on this matter. *Id.* Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a stock clerk (semi-skilled, heavy). *Id.* The ALJ then evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 27-29, Finding 9). The ALJ also relied upon the testimony of the VE in making this determination. *Id.* Specifically, the VE testified that with Plaintiff's limitations, Plaintiff would be able to perform the requirements of representative occupations such as an assembler (unskilled/sedentary) with 1,620 such jobs statewide, 1,910 such jobs in Louisiana, and 280,000 such jobs in the nation and as a table worker (unskilled/sedentary) with 1,970 such jobs statewide, 1,480 such jobs in Louisiana, and 400,000 such jobs in the nation. *Id.* Based upon this testimony that Plaintiff could perform other work, the ALJ determined Plaintiff had not been under a disability as defined by the Act from August 11, 2009 (application date) through December 21, 2010 (ALJ's decision date). (Tr. 29, Finding 10).

Thereafter, on February 1, 2011, Plaintiff requested the Appeals Council's review of ALJ's unfavorable decision. (Tr. 13-14). The Appeals Council denied this request for review on June 4, 2012. (Tr. 1-4). On June 22, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 19, 2012. ECF No. 5. Both Parties have filed

appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred in determining she retained the RFC for light or sedentary work; and (B) the ALJ provided an improper hypothetical to the VE. ECF No. 7 at 3-11. In response, Defendant argues that substantial evidence supports the ALJ's RFC determination and Step Five determination. ECF No. 8. The Court will address both the arguments Plaintiff has raised.

**A.     RFC Determination**

Plaintiff claims the ALJ erred in assessing her limitations and in evaluating her RFC. ECF No. 7 at 4-9. Plaintiff raises two arguments as a part of this claim: (1) the ALJ erred in assessing her

5

subjective complaints and (2) the ALJ erred in assessing her medical records. *Id.* First, Plaintiff claims the ALJ did not properly consider her subjective complaints of disabling pain. (Tr. 160-169, 177, 186). In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski*. (Tr. 25-27). The ALJ stated the *Polaski* factors and then noted several inconsistencies between Plaintiff's subjective complaints and her medical records, including the following: (1) there was no evidence of any health care provider restricting Plaintiff from "all work activity"; (2) there was no evidence Plaintiff sought continuing pain management for her back pain[3]; (3) Plaintiff's asthma was treated with the "occasional usage of a prescription Albuterol inhaler"; (4) Plaintiff remained able to care for her seven-year-old child and grandmother on a daily basis; and (5) Plaintiff's medical records indicated she was not precluded from working. *Id.* Considering these findings, the Court finds no basis for reversing the ALJ's evaluation of Plaintiff's subjective complaints. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

Second, Plaintiff claims the ALJ improperly considered her medical records. Based upon her medical records, it appears her treating physician is Dr. Mark R. Crump, M.D. (Tr. 193-201). Dr. Crump is a general practitioner who has treated her from approximately May 12, 2008 until at least June 18, 2009. (Tr. 193-201). On June 22, 2010, Dr. Crump wrote a "To Whom It May Concern" opinion letter stating that Plaintiff "does have moderate to severe scoliosis" and back pain

---

[3] In fact, Plaintiff predominantly uses over-the-counter pain medications. (Tr. 26).

7

secondary to her scoliosis which limits her daily activities. (Tr. 209). In this letter, Dr. Crump did not state any work limitations but merely verifies Plaintiff does have "moderate to severe scoliosis." *Id.*

Further, on October 6, 2010, Plaintiff was examined during a consultative examination by Dr. Harold H. Chakales, M.D. (Tr. 212-220). Dr. Chakales is an orthopaedic surgeon. *Id.* In his report, Dr. Chakales found Plaintiff's limitations did not preclude her from working. *Id.* Notably, Dr. Chakales reported "that despite the claimant's diagnoses, she was physically capable of occasionally lifting up to twenty (20) pounds, occasionally carrying up to ten (10) pounds, and could occasionally stoop/kneel/crouch and crawl." (Tr. 25). The ALJ stated that he had assigned "considerable weight" to Dr. Chakales's findings. (Tr. 27).

In her appeal brief, Plaintiff claims the ALJ did not properly consider all of the findings from Dr. Chakales's report. ECF No. 7 at 9. Specifically, Plaintiff argues that Dr. Chakales found she could only sit *two* hours in an eight-hour workday, stand *three* hours in an eight-our workday, and walk *two* hours in an eight-hour workday. *Id.* Combined, Plaintiff would only be able to stand and walk *five* hours in an eight-hour workday. *Id.* Plaintiff argues that with these limitations, she would be unable to perform both sedentary and light work because to do this work, she must be able to sit at least *six* out of eight hours or stand and walk at least *six* out of eight hours. *Id.*

In addressing this claim, it is important to first note that the ALJ did not state that he accepted all of Dr. Chakales's findings. (Tr. 27). Instead, he stated that assigned "considerable weight" to his findings. *Id.* Further, the portion of Dr. Chakales's report related to Plaintiff's ability to sit, stand, and walk during an eight-hour day is not entirely clear and consistent. (Tr. 216). Indeed, Plaintiff's ability to sit (2 hours), stand (3 hours), and walk (2 hours) during an eight-hour day only

8

equals 7 hours and not 8 hours. *Id.* When asked to explain what else Plaintiff might be doing for that one hour, Dr. Chakales merely stated "Same."[4] *Id.* This response does not explain what Plaintiff would be doing for that hour. Indeed, based upon these responses, it appears Dr. Chakales merely miscalculated the time Plaintiff could sit, stand, and walk and possibly intended to write that Plaintiff could actually stand and walk a total of six hours. *Id.* Such an ability would not preclude Plaintiff from perform light work. *See Social Security Ruling* 83-10 (stating that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday"). Accordingly, the Court finds no basis for reversal on this issue.

### B. Step Five Determination

Plaintiff argues that because the ALJ did not include all of her alleged limitations in his hypothetical to the VE, the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7 at 9-10. The ALJ provided the RFC determination that is outlined above to the VE. (Tr. 69-93). Further, as explained above, the Court has found no basis for reversing the ALJ's RFC determination. Accordingly, because the ALJ provided the proper limitations in his hypothetical to the VE, the Court finds the VE's testimony was sufficient at Step Five of this analysis. *See Starr v. Sullivan,* 981 F.2d 1006, 1008 (8th Cir. 1992) (holding "[a] vocational expert's response to a hypothetical question provides substantial evidence where the hypothetical question sets forth with reasonable precision the claimant's impairments").

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

---

[4] The full text is as follows:

"If the total time for sitting, standing and walking does not equal or exceed 8 hours, what activity is the individual performing for the rest of the 8 hours?" Answer: "Same." (Tr. 216).

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of May 2013.**

                                                  /s/   Barry A. Bryant  
                                                  HON. BARRY A. BRYANT  
                                                  U.S. MAGISTRATE JUDGE